**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ARIEL YIESON #1450737** | § | |
| | § | |
| **V.** | § | **W-20-CA-823-ADA** |
| | § | |
| **WARDEN AKWITTI, et al.** | § | |

## ORDER

Before the Court are Plaintiff's amended complaint (#5), more definite statement (#15), and "Emergency Motion for Appointment (Enforcement) of Counsel, Etc." (#13). Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

### STATEMENT OF THE CASE

At the time this case was filed, it appeared that Plaintiff, Ariel Yieson, was seeking financial compensation due to his infection with Covid-19. The Court noted that the document filed was not submitted by Yieson, or signed by Yieson, but was instead submitted and signed by Jaime Luevano and included Luevano's sick call request as an exhibit. The Court ordered Yieson to file his complaint on the proper forms and submit the proper application to proceed in forma pauperis. The Court also warned Jaime Luevano that he could file his own complaint and in forma pauperis application, if he wished, but that Luevano's complaint was subject to dismissal pursuant to the three-dismissal rule of 28 U.S.C. § 1915(g).

Yieson filed an amended complaint and in forma pauperis application on September 25, 2020. The filing had Luevano's return address, but was purportedly

1

signed by Yieson. The in forma pauperis application was incomplete and the Court ordered a properly completed form, along with a more definite statement, to be filed by October 28, 2020. On October 22, 2020, a completed in forma pauperis application was filed, along with a more definite statement and the "Emergency Motion for Appointment (Enforcement) of Counsel, Etc."

The entirety of the complaint includes multiple references to issues that Jaime Luevano is facing and contends that Luevano is a witness to other issues. The complaint and more definite statement also imply that, although Yieson has not necessarily exhausted the grievance process regarding these issues, Luevano has. Virtually all of the attachments to the complaint, more definite statement, and motion for counsel consist of the grievances and inmate request forms of Jaime Luevano and Jaime Luevano is also the return addressee of the filings. The few attachments that are purportedly from Yieson are all missing Yieson's signature, but instead include "n/a" on the signature line.

Luevano has a long history of filing frivolous and abusive litigation. *See e.g. Luevano v. United States President of America*, No. 08-CV-0053 (D.D.C. Jan. 2, 2008) (dismissed for failure to state a claim); *Luevano v. Board of Disciplinary Appeals*, No. 5:08-CV-0107 (W.D. Tex. Mar. 20, 2008) (dismissed as frivolous); *Luevano v. Doe*, No. 1:07-CV-1025 (W.D. Tex. Jan. 18, 2008) (dismissed as frivolous); *Luevano v. Perry*, No. 1:07-CV-1026 (W.D. Tex. Jan. 18, 2008) (dismissed as frivolous); *Luevano v. Clinton*, No. 2:08-CV-1360 (E.D.N.Y. Apr. 4, 2008) (dismissed as frivolous); *Luevano v. Richardson*, No. 1:08-CV-781 (D.N.M. Oct. 1, 2008) (dismissed for failure to state a

claim); and *Luevano v. Boykin*, No. 5:08-CV-1844 (N.D. Ohio Oct. 31, 2008) (dismissed for failure to state a claim). In fact, Luevano has been sanctioned and barred from filing any documents in the Western District of Texas. *Luevano v. Officer of Inspector General*, No. SA-11-CA-131-OG (W.D. Tex.), (sanctioned Petitioner $100 and barred him from filing any document in the Western District of Texas until he has paid the sanction in full); *Luevano v. U.S. District Judge of Abilene, TX*, No. W-12-CA-049 (W.D. Tex.), (sanctioned Petitioner an additional $100 and barred him from filing documents in the Western District of Texas until he has paid the sanction in full). The docket records for those proceedings do not indicate Luevano has satisfied his sanctions. The filings in this case all appear to be a thinly disguised attempt by Luevano at filing a case through Yieson. This is improper and a violation of Luevano's sanctions. Accordingly, to the extent Luevano is pursuing any claims in this case, and using Yieson as a means to circumvent the Court's bar orders, his claims are dismissed and he is not authorized to file such an action.

To the extent Yieson has made any of his own claims, he appears to complain that the prison is not providing adequate razors for inmates to shave. Yieson also appears to claim that he has not been provided access to his own medical records, though he only claims that Luevano has filed a grievance against Defendant Pollard-Fortson for this issue, not Yieson. Yieson also appears to make a claim that it is "easy to get infected" with Covid-19 due to unsanitary conditions. Specifically, Yieson appears to claim that the floors and showers are not cleaned "in the right way" and that dust mites, which he asserts are carrying the virus, are in the vents. Yieson may also be

claiming that he has been diagnosed with Covid-19 and has not received adequate medical treatment, but it is wholly unclear. Finally, Yieson also appears to allege that another inmate, neither himself nor Luevano, has received insufficient medical care following a seizure.

DISCUSSION AND ANALYSIS

A.      Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.      Eleventh Amendment Immunity

Being sued in their official capacities for monetary damages, Defendants are immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S.

89 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994).

      C.    <u>No Personal Involvement</u>

      Plaintiff fails to allege any personal involvement by Defendants. To the extent Plaintiff is asserting Defendants are liable due to their supervisory positions those claims are dismissed. Supervisory officials cannot be held vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304. Plaintiff identifies no such policies and makes no allegations that Defendants were personally involved in any of the actions he contends violated his rights.

D.    No Deliberate Indifference

Construing Yieson's claims as liberally as possible, he appears to claim that Defendants have been deliberately indifferent to his medical needs because they failed to provide him with medical records and failed to provide adequate treatment for an apparent diagnosis of Covid-19 infection.

As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (quoting *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983)). The Eighth Amendment prohibits cruel and unusual punishment. Prison officials must provide humane conditions of confinement, ensure that inmates receive adequate food, clothing, shelter, and medical care, and take reasonable measures to guarantee the safety of the inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions that result in "unquestioned and serious deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8–10 (1992); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such a violation occurs when a prison official is deliberately indifferent to an inmate's health and safety. *Farmer*, 511 U.S. at 834. "Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the

inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Claims of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim of inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Similarly, unsuccessful medical treatment or disagreement between an inmate and his doctor concerning the manner of treatment does not give rise to a cause of action. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). In short, a claim of medical malpractice does not amount to a constitutional violation merely because the plaintiff is a prisoner. *Id.* at 106.

Plaintiff admits he received treatment from the prison medical staff. While Plaintiff was understandably upset that his treatment has not been wholly successful and that he has been inconvenienced by the lack of medical records, there is no indication whatsoever in the pleadings that any of these Defendants were aware of and disregarded a significant risk to Plaintiff's health. At most, Plaintiff's claims amount to either a complaint of negligence, unsuccessful medical treatment, or medical malpractice. These are not constitutional violations.

Furthermore, Plaintiff fails to show that his conditions of confinement are cruel and unusual. Plaintiff admits that razors are not provided for Plaintiff and other prisoners due to concerns that prisoners will use them as weapons or to attempt suicide. Plaintiff discounts these concerns saying there are other ways inmates can injure themselves and others. Relatedly, Plaintiff makes conclusory statements that it is

"easy to get infected" with Covid-19 due to unsanitary conditions and that the floors and showers are not cleaned "in the right way." Plaintiff also makes the conclusory statement that dust mites, which he asserts are carrying the virus, are in the vents. There is simply no sufficient factual basis provided by Plaintiff regarding these claims or the involvement of Defendants in any of the claims. Plaintiff fails to show any acts by Defendants that constitute cruel and unusual punishment. Plaintiff's allegations are purely speculative and fail to show that prison officials had actual knowledge of any risk and disregarded it. Finally, to the extent Plaintiff is complaining about the resolution of his (and Luevano's) grievances, Plaintiff does not have a constitutional right to have his grievances resolved to his liking. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005).

      E.    <u>Habeas Claims</u>

To the extent Yieson seeks injunctive relief, including transfer to a different facility, he must seek such relief in an application for habeas corpus relief, after exhausting his administrative remedies. The exclusive remedy for a prisoner who challenges the fact and duration of his confinement and seeks immediate or speedier release is habeas corpus relief. *Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). The Court declines to construe this action as a request for habeas corpus relief. Construing Yieson's action here as a request for habeas corpus relief would make him subject to the restrictions on "second or successive" motions. *See e.g. Castro v. United States*, 540 U.S. 375 (2003).

CONCLUSION

The Court believes that this suit is almost entirely an attempt by Luevano to circumvent the Court's bar orders. To the extent he is doing so, Luevano is cautioned that such actions are unacceptable. To the extent that Yieson has made any claims of his own, he has failed to adequately plead any violation of his constitutional rights.

It is therefore **ORDERED** that Yieson's complaint is dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that all other pending motions are **DISMISSED**.

It is further **ORDERED** that Yieson is warned that if Yieson files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the keeper of the three-strikes list.

**SIGNED** on October 30, 2020

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE